**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DOUGLAS WAYNE DERELLO, Jr., a.k.a. Douglas Wayne Derello,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>JACKSON, Unknown, named as CO II Jackson,<br><br>Defendant-Appellee. | No. 18-16582<br><br>D.C. No. 2:17-cv-01266-DGC-JFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted November 18, 2019[**]

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Douglas Wayne Derello, Jr. appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging a violation of his Eighth Amendment right to safe prison conditions. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for Jackson because Derello failed to raise a genuine dispute of material fact as to whether Jackson was subjectively aware of a substantial risk of harm to Derello. *See Farmer v. Brennan*, 511 U.S. 825, 829 (1994) (concluding that a deliberate indifference claim "require[s] a showing that the official was subjectively aware of the risk").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including Derello's allegations regarding his typewriter or the destruction of unspecified property. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (concluding pro se appellant abandoned issues not argued in his opening brief). Nor do we consider those arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Derello's Motion Averring Retaliation, which exclusively raises allegations unrelated to this appeal and directed toward individuals other than Jackson, is denied.

**AFFIRMED.**